1
2
3                                    O
4
5
6
7
8                 UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10
11   JOSEPH W. LANDRUM,              )  Case No. EDCV 07-132-OP
12              Plaintiff,           )
13        v.                         )  MEMORANDUM OPINION; ORDER
14   MICHAEL J. ASTRUE,[1]           )
     Commissioner of Social Security, )
15              Defendant.           )
16   ————————————————————           )
17        The Court[2] now rules as follows with respect to the disputed
18   issues listed in the Joint Stipulation ("JS").[3]
19   ————————————————
20        [1]  Michael J. Astrue, who was sworn in as the Commissioner of the Social
21   Security Administration on February 12, 2007, is substituted as Defendant
22   pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.
23        [2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the
24   United States Magistrate Judge in the current action.  (See Dkt. Nos. 6, 8.)
25        [3]  As the Court advised the parties in its Case Management Order, the
26   decision in this case is being made on the basis of the pleadings, the Administrative
     Record, and the Joint Stipulation filed by the parties.  In accordance with Rule
27   12(c) of the Federal Rules of Civil Procedure, the Court has determined which
28   party is entitled to judgment under the standards set forth in
                                                     (continued...)

                                    1

# I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1.    Whether the Administrative Law Judge ("ALJ") properly considered the psychiatric evaluation of Plaintiff's treating psychiatrist;

2.    Whether the ALJ properly considered the opinion of Plaintiff's treating psychologist;

3.    Whether the ALJ improperly considered the clinical assessment of Plaintiff's treating therapist; and

4.    Whether the ALJ should have obtained vocational expert ("VE") testimony.

(JS at 2-3.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).

---

[3](...continued)
42 U.S.C. § 405(g).

1  Where evidence is susceptible of more than one rational interpretation, the
2  Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452
3  (9th Cir. 1984).

**III.**

**DISCUSSION**

**A.    The ALJ Properly Considered the Opinions of Plaintiff's Treating**
       **Sources.**

       Plaintiff contends that the ALJ improperly considered the opinions of his
treating psychiatrist, psychologist, and therapist.  (JS at 3, 11, 14.)  The Court shall
discuss each of Plaintiff's contentions in turn.

       It is well-established in the Ninth Circuit that a treating physician's opinions
are entitled to special weight, because a treating physician is employed to cure and
has a greater opportunity to know and observe the patient as an individual.
McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating
physician's opinion is not, however, necessarily conclusive as to either a physical
condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747,
751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on
whether it is supported by sufficient medical data and is consistent with other
evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's
opinion is uncontroverted by another doctor, it may be rejected only for "clear and
convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996); Baxter v.
Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating
physician's opinion is controverted, it may be rejected only if the ALJ makes
findings setting forth specific and legitimate reasons that are based on the
substantial evidence of record.  Thomas, 278 F.3d 947, 957 (9th Cir.
2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.
1987).

       However, the Ninth Circuit also has held that "[t]he ALJ need not accept the

3

opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

1.    **The ALJ Properly Rejected the Opinion of the Treating Psychiatrist.**

Plaintiff contends that the ALJ improperly considered the opinion of his treating psychiatrist, Dr. Conrado Sevilla. (JS at 3-6, 10-11.) Dr. Sevilla treated Plaintiff at the Arrowhead Regional Medical Center ("Arrowhead") when Plaintiff was admitted on October 21, 2004. (AR at 178.) Plaintiff asserts that the ALJ selectively considered or disregarded Dr. Sevilla's medical observations and conclusions. (JS at 4-5.) Specifically, Plaintiff contends that the ALJ failed to consider Dr. Sevilla's diagnosis of a psychotic disorder, not otherwise specified, and a low Global Assessment of Functioning ("GAF") score. (Id. at 5.) Defendant argues that the ALJ properly set forth specific and legitimate reasons, supported by other medical opinions, to discount Dr. Sevilla's opinion. Defendant further argues that Plaintiff's alcohol addiction properly precluded the ALJ from finding Plaintiff disabled. Id.

4

1    The Court finds there to be specific and legitimate reasons for rejecting the

2    opinion of Dr. Sevilla.  Andrews, 53 F.3d at 1041; Magallanes; 881 F.2d 751;

3    Miller, 770 F.2d at 849.  Dr. Sevilla concluded that Plaintiff had a psychotic

4    disorder, not otherwise specified, and a GAF score of 30[4].  (AR at 176.)  GAF

5    scores reflect the "clinician's judgment of the individual's overall level of

6    functioning . . . [including] psychological, social and occupational functioning"

7    and are not meant to be a conclusive medical assessment of overall functioning, but

8    rather, are only intended to be "useful in planning treatment[,] . . . measuring its

9    impact, and in predicting outcome."  Diagnostic and Statistical Manual of Mental

10   Disorders 32-34 (American Psychiatric Ass'n ed., 4th ed. 2000).  Moreover, the

11   Social Security regulations do not require an ALJ to take the GAF score into

12   account in determining the extent of an individual's disability.  While the score

13   may help the ALJ assess the claimant's ability to work, it is not essential, and the

14   ALJ's failure to rely on the GAF does not constitute an improper application of the

15   law.  Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) ("While a

16   GAF score may be of considerable help to the ALJ in formulating the [residual

17   functional capacity ("RFC")], it is not essential to the RFC's accuracy.  Thus, the

18   ALJ's failure to reference the GAF score in the RFC, standing alone, does not

19   make the RFC inaccurate.").

20        Here, the ALJ properly rejected the opinion of Dr. Sevilla by relying upon

21   the medical opinion of a consultative psychiatrist and by discounting Dr. Sevilla's

22   opinion.  (AR at 16.)  First, the ALJ pointed to the assessment of Dr. Linda M.

23   Smith, a consultative psychiatrist.  (Id. at 16, 110-16.)  Dr. Smith concluded that

24

25   _____

26        [4] A GAF score of 30 is described as behavior "considerably influenced by
     delusions or hallucinations OR serious impairment in communication or judgment .

27   . . OR inability to function in almost all areas.  Diagnostic and Statistical Manual of

28   Mental Disorders 34 (American Psychiatric Ass'n ed., 4th ed. 2000).

1    Plaintiff had a depressive disorder, not otherwise specified, and a GAF score of

2    61.[5]  (Id. at 16, 115.)  Dr. Smith suspected that Plaintiff withheld information about

3    his history and exaggerated his symptoms.  (Id. at 115.)  Dr. Smith found Plaintiff

4    to be mildly impaired and to have a fair psychiatric prognosis.  (Id. at 115-16.)

5    The ALJ stated, "I give great weight to the internal and psychiatric consultative

6    examiners and find that they are not inconsistent with the opinions of the State

7    Agency physicians."  (Id. at 16.)  )  Thus, the ALJ provided specific and legitimate

8    reasons, supported by a contradictory medical opinion based upon independent

9    clinical findings, to reject the opinion of Dr. Sevilla.  Thomas, 278 F.3d at 957;

10   Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller, 770 F.2d at 849.

11        Next, the ALJ properly discounted Dr. Sevilla's conclusions.  Upon

12   Plaintiff's discharge from Arrowhead, the attending physician, Dr. Larry

13   Lawrence, stated, "The patient was stabilized over a gradual period of time . . . and

14   he did tolerate his withdrawal without problems.  He is non psychotic.  He is not

15   suicidal."  (AR at 178-79.)  The corresponding treatment notes do not support Dr.

16   Sevilla's finding of a psychotic disorder.  Thus, Dr. Sevilla's opinion is conclusory

17   and unsupported by the objective medical record.  (Id. at 16, 178-79.)

18   Additionally, Dr. Sevilla does not provide an opinion regarding Plaintiff's

19

20

21        [5]  A GAF score of 61 is described as "[s]ome mild symptoms . . . OR some
     difficulty in social, occupational, or school functioning, . . . but generally
22   functioning pretty well, has some meaningful interpersonal relationships.
23   Diagnostic and Statistical Manual of Mental Disorders 34 (American Psychiatric
     Ass'n ed., 4th ed. 2000).  The Court notes that the ALJ misstated Dr. Smith's GAF
24   assessment as 50 instead of 61.  (AR at 16, 115.)  However, despite relying upon a
     lower GAF score, the ALJ still found Plaintiff not disabled.  (Id. at 18.)  Thus, this
25   error is considered a "harmless error," and Plaintiff is not entitled to a remand.  See
26   Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error rule applies
     to review of administrative decisions regarding disability); Booz v. Sec'y of Health
27   and Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984).
28

1   functional limitations.  As a result, his opinion is not entitled great deference.  (Id.

2   at 175-77); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly

3   rejected doctor's opinion because they were check-off reports that did not contain

4   any explanation of the bases of their conclusions); see also Morgan, 169 F.3d at

5   602.  Thus, the ALJ properly discounted Dr. Sevilla's medical conclusion.

6       Finally, the ALJ opined that Plaintiff's symptoms of depression were only

7   present when linked to his alcohol abuse.  (AR at 15-16.)  The ALJ stated:

> Overall, absent the use of alcohol, the claimant would not
> have any non-exertional limitations.  The mentally severe
> impairment from a depressive disorder is alcohol induced
> with ongoing alcohol abuse and no evidence of sobriety to
> the present.  The claimant's representative admitted during
> the hearing that the most recent mental health records were
> dated June 2005.  The claimant was briefly in Ward B in
> October 2004 after being arrested for standing in the street
> intoxicated and yelling at passing vehicles.  The claimant
> admitted to heavy, daily, alcohol abuse.  However, after a
> few days of drying out and withdrawal the claimant
> stabilized . . . .

20  (Id. at 15-16 (citations omitted), 178-79.)  If an ALJ determines that the claimant is

21  disabled, and there is evidence of substance abuse, the ALJ must then determine

22  whether the substance abuse is a contributing factor material to the disability, i.e.,

23  whether the claimant would still be disabled if she stopped abusing drugs or

24  alcohol.  20 C.F.R. §§ 404.1535, 416.935 ("If we find that you are disabled and

25  have medical evidence of your drug addiction or alcoholism, we must determine

26  whether your drug addiction or alcoholism is a contributing factor material to the

27  determination of disability"); see also Bustamente v. Massanari, 262 F.3d 949,

28

954-55 (9th Cir. 2001).  A plaintiff bears the burden of proving that his alcoholism is not a contributing factor material to his disability determination.  <u>Ball v. Massanari</u>, 254 F.3d 817, 822-23 (9th Cir. 2001); <u>see also Sousa v. Callahan</u>, 143 F.3d 1240, 1245 (9th Cir. 1998) (remanding to give claimant an opportunity to present evidence relevant to this issue).  Plaintiff fails to provide any evidence negating his alcohol abuse, despite an abundance of references to Plaintiff's alcohol abuse in the medical record.  (JS at 10-11; AR at 112, 121, 137, 164, 175-79, 180, 184, 196.)  In addition, the ALJ determined Plaintiff was not disabled, even considering Plaintiff's alcohol abuse.  (AR at 15-18.)

Based on the foregoing, the Court finds that the ALJ properly set forth specific and legitimate reasons, supported by substantial evidence in the record, to reject Dr. Sevilla's medical conclusion.  <u>Thomas</u>, 278 F.3d at 957; <u>Matney</u>, 981 F.2d at 1019; <u>Bustamente</u>, 262 F.3d at 954-55.

## 2. <u>The ALJ Properly Rejected the Opinion of the Treating Psychologist.</u>

Plaintiff contends that the ALJ failed to consider the clinical assessment conducted by the treating psychologist, Dr. Jon Held.  (JS 11-12, 13-14.) Defendant argues that the ALJ properly set forth specific and legitimate reasons, supported by substantial evidence in the record, to reject Dr. Held's opinion.  (<u>Id.</u> at 12-13.)

Here, the ALJ properly accorded less weight to Dr. Held's clinical assessment.  (AR at 16, 189-92.)  On November 12, 2004, Dr. Held assessed that Plaintiff is distractible, depressed, irritable, has limited memory deficits, and has paranoid ideations.  (<u>Id</u>. at 192.)  Dr. Held concluded that:

> Client has [history] of alcoholism, [and] drinking caused
> him termination from last job.  Client [is] depressed due

1
2

> to situational stresses:  unemployed, homeless,  no
>
> [history] of mental illness prior to hospitalization . . . .

3
4
5
6
7
8
9
10
11
12
13
14

(<u>Id.</u>)  Dr. Held failed to provide any relevant opinion regarding Plaintiff's functional limitations.  As a result, Dr. Held's opinion is not entitled to great deference.  <u>Crane</u>, 76 F.3d at 253; <u>Morgan</u>, 169 F.3d at 602.  Additionally, the ALJ properly discounted Dr. Held's opinion by stating, "I have given great weight to the internal and psychiatric consultative examiners and find that they are not inconsistent with the opinions of the State Agency physicians."  (<u>Id.</u> at 16.)  As the Court discussed previously, the ALJ relied upon the observations of Dr. Smith, who found Plaintiff to be mildly impaired and to have a fair psychiatric prognosis.  (<u>Id.</u> at 115-16; <u>see supra</u> Part III.A.1.)  Therefore, the Court finds that the ALJ properly set forth specific and legitimate reasons, supported by substantial evidence in the record, to reject Dr. Held's clinical assessment.  <u>Thomas</u>, 278 F.3d at 957; <u>Andrews</u>, 53 F.3d at 1041; <u>Magallanes</u>, 881 F.2d at 751.

15
16
17

### 3. <u>The ALJ Properly Rejected the Clinical Assessment of Plaintiff's Treating Therapist</u>.

18
19
20
21
22
23
24

Plaintiff contends that the ALJ erred by failing to consider an adult clinical assessment that was completed by a clinical therapist, Bonnie Houlihan, at the San Bernardino County Department of Behavioral Health ("SBCDBH") on March 15, 2005.  (JS at 14-15, 16-17; AR at 183-88.)  Ms. Houlihan assessed, <u>inter alia</u>, Plaintiff to have suicidal thoughts, irritable mood, belligerent and depressed behavior, and poor judgment.  (JS at 14; AR 183-88.)  However, for the reasons set forth below, the Court finds that reversal is not warranted.

25
26
27
28

Controlling weight can only be given to a "physician,  psychologist, or other

acceptable medical source."[6]  Ms. Houlihan is not a physician, psychologist, or other acceptable medical source, but rather an employee of SBCDBH.  (JS at 16; AR at 183-88.)  Although Ms. Houlihan is not an acceptable medical source, the ALJ cannot ignore Ms. Houlihan's opinion.  Such opinion may qualify as evidence from "other sources" to show the severity of impairment(s) and how they affect Plaintiff's ability to work.  20 C.F.R. § 404.1513(d).  Because Ms. Houlihan is not a treating physician, specific and legitimate, or clear and convincing reasons are not required to reject her opinion.  Instead, as an "other source" under section 404.1513(d), the ALJ must provide "reasons that are germane" to that witness in order to discredit that testimony.  Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, Ms. Houlihan's assessment appears to be an intake report prepared on the date of Plaintiff's first visit to the SBCDBH.  The statements from the assessment cited by Plaintiff merely constituted Ms. Houlihan's account of Plaintiff's statements to her.  (JS at 14-17; AR 183-88.)  Second, to the extent that Ms. Houlihan purported to render an assessment of Plaintiff's mental status, Ms. Houlihan was not a physician.  Plaintiff acknowledges, Ms. Houlihan did not qualify as an "acceptable medical source" under the Commissioner's regulations.  See 20 C.F.R. § 404.1513(a).  Third, Ms. Houlihan's report did not purport to address Plaintiff's functional limitations.  Fourth, the ALJ utilized Ms. Houlihan's observations in attacking Plaintiff's credibility.  Specifically, the ALJ indicated that Plaintiff stated he "just wants his SSI benefits" in Ms. Houlihan's assessment.

---

[6]  Title 20 C.F.R. § 404.1527(d)(2) accords controlling weight under certain circumstances  to "treating sources."  A "treating source" is defined in 20 C.F.R. § 404.1502 as the individual's "own physician, psychologist, or other acceptable medical source."  "Acceptable medical sources" are listed in 20 C.F.R. § 404.1513. Notably, Plaintiff concedes that Ms. Houlihan is not an acceptable medical source. (JS at 14-17.)

(AR at 15, 185.)  Finally, the Court concluded in a previous section that the ALJ did not err in rejecting the opinions of Drs. Sevilla and Held regarding the disabling severity of Plaintiff's mental impairment in favor of the conflicting assessment of Dr. Smith.  See supra Section III.A.1-2.  Thus, the ALJ did not err in failing to consider Ms. Houlihan's clinical assessment.

**B.   <u>The ALJ Properly Determined that Plaintiff Lacked Non-Exertional Impairments Sufficient to Require VE Testimony</u>.**

Plaintiff's final argument is that the ALJ improperly determined that Plaintiff lacked nonexertional limitations, and as a result, the ALJ erred by failing to obtain VE testimony.  (JS at 17-19.)  The Court finds no error in the ALJ's determination of Plaintiff's limitations (<u>see</u> discussion <u>infra</u> Part III), and disagrees with Plaintiff's contention.

Here, the ALJ opined that Plaintiff "has the residual functional capacity to do medium exertional work."  (AR at 14.)  Specifically, the claimant can "occasionally lift and/or carry 50 and frequently 25 pounds; he can stand and/or walk six hours in an eight-hour work day and sit for six hours with normal breaks; and he is limited to unskilled entry level tasks."  (AR at 20.)

It is well established that the ALJ may rely upon either the testimony of a VE or by reference to the Medical-Vocational Guidelines ("Guidelines") to determine whether a plaintiff can perform work in significant numbers in the national economy.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999) (<u>citing</u> <u>Desrosiers v. Sec'y of Health and Human Servs.</u>, 846 F.2d 573, 577-78) (Pregerson, J., concurring) (9th Cir. 1988)).  The Guidelines consist of tables, commonly referred to as "grids," that provide a "short-hand method for determining the availability and numbers of suitable jobs for a claimant."  20 C.F.R. § 404, subpt. P, app. 2; <u>Tackett</u>, 180 F.3d at 1101.  The ALJ may rely solely on the Guidelines when the relevant grid "<u>completely</u> and <u>accurately</u> represents a

11

claimant's limitations.  In other words, a claimant must be able to perform the <u>full range</u> of jobs in a given category, i.e., sedentary work, light work or medium work." <u>Tackett</u>, 180 F.3d at 1101 (citation omitted).  Where the Plaintiff suffers from significant nonexertional impairments, reliance on the grids is inappropriate and the testimony of the VE is required.  <u>Id.</u>; <u>see also</u> <u>Thomas</u>, 278 F.3d at 960; <u>Bruton v. Massanari</u>, 268 F.3d 824, 827 (9th Cir. 2000).

Social Security Ruling ("SSR") 83-15[7] defines nonexertional limitations as follows:

> Any job requirement which is not exertional is considered nonexertional. A nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction.  Nonexertional impairments may or may not affect a person's capacity to carry out the primary strength requirements of jobs, and they may or may not significantly narrow the range of work a person can do. . . . Mental impairments are generally considered to be nonexertional, but depressions and conversion disorders may limit exertion.

(SSR 83-15.)

Here, the ALJ properly found that Plaintiff did not have significant nonexertional impairments.  As discussed above, the ALJ provided specific, legitimate reasons supported by overall medical findings for properly discrediting medical opinions suggesting that Plaintiff had any mental impairments.  <u>See infra</u> Part III.  Given that the ALJ found Plaintiff to have no nonexertional limitations, the ALJ properly utilized the grids in the Guidelines to determine that Plaintiff was not disabled.  <u>Tackett</u>, 180 F.3d at 1101.  Thus, there was no error in failing to

---

[7] Social Security Rulings are binding on ALJs.  <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

obtain VE testimony.

## IV.

## <u>ORDER</u>

IT IS HEREBY ORDERED THAT Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: August 6, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge

13